AMZI DODD ET AL. v. JOHN H. FRANCISCO ET AL.

Argued June 9, 1902—Decided November 10, 1902.

1. On appeal to the state board of health to reverse the determination of a municipal council and a local board of health, respecting the location of a new cemetery, the state board, although acting judicially, is not required to examine witnesses under oath on matters in controversy before it.
2. On such an appeal the state board may consider a report made by one of its committees on a previous hearing in regard to the same matter.
3. On such an appeal the board is not confined to the consideration of sanitary questions.
4. The determination of the board on such an appeal is presumed to rest upon proper grounds, and that presumption can be overcome only by the certificate of the board to the contrary, or by clear proof to the contrary in case a rule to obtain the board's certificate prove ineffectual.

---

On *certiorari.*

Before Justices DIXON, HENDRICKSON and PITNEY.

For the prosecutors, *Robert H. McCarter.*

For the defendants, *Halsey M. Barrett* and *Samuel J. Macdonald.*

The opinion of the court was delivered by

DIXON, J.  This *certiorari* brings before the court the proceedings of the state board of health respecting an application for permission to locate a cemetery in the town of Bloomfield, Essex county. The application was first presented on December 24th, 1900, to the council of the town, and being

approved by that body was then presented to the local board of health, which on March 5th, 1901, refused to give its consent. Thereupon the applicants appealed to the state board of health, and on June 28th, 1901, that board passed a resolution by which the action of the local authorities was reversed and the desired permission was granted. This resolution was set aside by this court at the term of February, 1902, because the parties interested had not been heard before the board itself, the only hearing given to them having been had before a committee of the board.

Afterwards on April 22d, 1902, the counsel of the respective parties were notified that on May 8th, 1902, at two o'clock P. M. in the state house the state board of health would meet to consider the application, and at that time and place counsel representing the applicants and the opponents appeared and were fully heard by the board, as were also all individuals who desired to express their views. The result of the board's deliberation was another resolution, passed May 22d, 1902, to the same effect as that of June 28th, 1901, which resolution is now before us for review.

The statute under which these proceedings were taken is the sixth section of a supplement to the Cemetery act, approved March 25th, 1885. *Gen. Stat., p.* 354.

The first objection made to this resolution is that the board had no jurisdiction in the matter, by which is meant, according to the brief of counsel for the prosecutors, that no appeal to that board would lie unless both of the local boards had concurred in granting or refusing consent. This point has already been decided adversely to the prosecutors. *Dodd* v. *State Board of Health,* 38 *Vroom* 463.

The objection secondly stated in the reasons filed should be regarded as waived, since it has not been referred to by counsel for the prosecutors, either on the oral argument or in their brief.

The third, fifth and sixth reasons assigned for annulling the resolution present two questions—*first,* whether the board was bound to examine persons under oath touching the matters stated and controverted at the hearing before it;

and *second,* whether the board had a right to consider a report made to it by its committee while the first appeal was pending.

In the opinion delivered by Mr. Justice Garretson in the case above cited, it is said: "The board of health was acting judicially upon the application before it, and all parties were entitled to be heard by the board in a legally organized meeting of the board." This expression is referred to by counsel for the prosecutors as indicating that it was the duty of the board to examine witnesses as to disputed questions of fact. But we do not so understand it. Its import is merely that the functions of the board were such as required the exercise of the judgment of the board itself, and hence that parties interested had a right to present and discuss before the board the matters on which its judgment should rest. Nor do we find either in the statute relating to cemeteries or in that establishing the state board of health (*Gen. Stat., p.* 1634), any indication that the board was to proceed as courts do in suits *inter partes.* There is nothing suggestive of a power to summon witnesses, to administer oaths or to compel the giving of evidence, either oral or written. Moreover the matters to be considered by the board respecting the propriety of locating a new cemetery, are of so general and public a nature that they can be decided more intelligently by observation and discussion than by testimony. In this respect the board resembles boards of assessment whose proceedings involve the exercise of judicial functions (*Peckham* v. *Newark,* 14 *Vroom* 576), but whose judgment is to be founded on facts obvious to their senses or ascertained by inquiry and examination; who, although not authorized to call witnesses and examine them upon oath, should, as do surveyors and freeholders in road cases, visit the premises in controversy and avail themselves of every accessible means of information likely to aid them in reaching a proper determination. *State* v. *Jersey City,* 4 *Zab.* 662, 665.

We therefore conclude that the board was not bound to receive evidence under oath.

What has been already said indicates also that in our judg-

ment it was not erroneous for the board to consider the report of its former committee regarding the matter pending before the board. The report was a means of information accessible not only to those who were members of the board when the report was presented, but also to the new members. As a part of the discussion proper in the deliberations of such bodies, the report was at least the statement of persons who had made special investigation and presumably formed impartial judgments on the matter under consideration.

There remains only the fourth reason assigned for reversal: that the board based its conclusion on sanitary grounds alone.

If this reason were supported by proper proof we would be inclined to deem it fatal to the resolution under review. While the statute, by requiring the concurrence of the municipal council and the local board of health in the first instance, seems fairly to imply a division of function between them, so that the board of health may pass upon sanitary questions only, and the municipal council upon the other questions pertinent to the matter in hand, it seems likewise, by confiding to the state board of health the power of affirming or reversing the action of either or both of these local bodies, to imply that all pertinent questions are open for consideration by the state board.

But we think the reason is not properly supported. What appears is that one or perhaps more than one member thought that only sanitary considerations should have weight, but it is at least doubtful whether the board, then composed of eight members, adopted this view. As already stated, every suggestion which anybody desired to present was entertained by the board, and we think the board is entitled to the presumption that every suggestion had its due influence. That presumption should stand until the board itself certifies to the contrary, or until, a rule to obtain a certificate from the board proving ineffectual, clear proof to the contrary is produced *aliunde*. See *Newark* v. *North Jersey Street Railway Co., ante p.* 486.

We find no error, and the resolution of May 22d, 1902, is affirmed, with costs.